UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BANK OF AMERICA, N.A.,<br><br>    Plaintiff,<br><br>    v.<br><br>RAINBOW BEND HOMEOWNERS ASSOCIATION; DOE INDIVIDUALS I-X, inclusive; and ROE CORPORATIONS I-X, inclusive,<br><br>    Defendants. | Case No. 3:15-cv-00291-MMD-WGC<br><br>ORDER |

## I.  INTRODUCTION

This dispute arises from the foreclosure sale of property to satisfy a homeowners' association lien. Before the Court is Defendant Rainbow Bend Homeowners Association's ("HOA") motion to dismiss or in the alternative for summary judgment ("HOA's Motion"). (Dkt. no. 6.) Plaintiff Bank of America, N.A.'s ("Bank") filed an opposition and a countermotion for summary judgment.[1] (Dkt. no. 10.) HOA has replied. (Dkt. no. 12.)

HOA's Motion raises several arguments, including the contention that NRS § 116.3116 ("the Statute") withstand constitutional due process and takings challenges.[2]

---

[1] The Bank's countermotion should have been docketed as a separate document. *See* Special Order No. 109, Sect. F(III)(4). Because it was not properly filed, the Court declines to consider the Bank's countermotion as an affirmative motion.

[2] To the extent HOA's Motion presents a preemption argument (dkt. no. 6 at 15-16), the Court addressed the preemption issue in a case no. 2:15-cv-112. (*See* dkt. no. 65 in case no. 2:15-cv-112.)

(Dkt. no 6 at 16-17, 18-19.) The Court heard oral argument on these issues at a hearing involving other similar cases. (Dkt. no 27.) This Order addresses the Court's ruling on these two constitutional arguments, but not the remaining arguments raised in HOA's Motion. Accordingly, the Court grants HOA's Motion to the extent the Bank's claims are grounded on the due process clause and the takings clause, and denies the Motion with respect to the remaining arguments without prejudice.

## II.   BACKGROUND

The following facts are taken from the Complaint. In 2008, Felix and Vivin Gonzales ("Borrowers") purchased real property ("the Property") located in the HOA. (Dkt. no. 1 at 3.) The Borrowers obtained a mortgage loan ("Loan") secured by a first deed of trust ("DOT") on the Property. (*Id.*) The Loan was insured by the Federal Housing Administration. (*Id.*) The DOT was assigned to the Bank in 2011. (*Id.*) The Borrowers defaulted on the Loan and the Bank intends to foreclose under the DOT. (*Id.* at 4.) In the meantime, the Borrowers failed to pay HOA assessments and the HOA eventually foreclosed on the Property pursuant to NRS § 116.3116 ("the Statute"). (*Id.* at 5.) The Bank alleges that HOA failed to provide any notice of the purported superpriority lien amount along with other required notices. (*Id.* at 5.)

The Bank filed this action, asserting claims for declaratory relief/quiet title, wrongful foreclosure and breach of HOA's obligations under NRS § 116.1113. (*Id.* at 6-10.) In response, HOA seeks dismissal, or in the alternative, for summary judgment. (Dkt. no. 6.)

## III.   DISCUSSION

### A.   The Statute

Under NRS § 116.3116, a homeowners' association can establish a "lien on a unit for . . . any assessment levied against that unit or any fines imposed against the unit's owner from the time . . . the assessment or fine becomes due." NRS § 116.3116(1). Section 116.3116 further provides that such a lien "is prior to all other liens and encumbrances on a unit except," among other categories of liens, "[a] first security

interest on the unit recorded before the date on which the assessment sought to be enforced became delinquent." NRS § 116.3116(2)(b). The statute, however, contains an exception to this exception, allowing a homeowners' association to establish a lien that takes priority over a first security interest for unpaid assessments over a nine-month period preceding the enforcement of the lien. NRS § 116.3116.[3] The statute also sets out the procedures a homeowners' association must follow in a nonjudicial foreclosure of its lien. The parties disagree about whether the statute, at the time in question, required an association to give notice to junior lienholders, or whether junior lienholders must "opt-in" to a notice system. Recent amendments to the statute require individual notice of default and notice of sale to all lien holders of record via certified mail. S.B. 306 § 3-4, 9(1) 2015 Leg., 78th Sess. (Nev. 2015).

In 2014, the Nevada Supreme Court ruled that NRS § 116.3116 creates a "true superpriority lien" for 9 months of unpaid association assessments and certain charges. *SFR Invs. Pool 1, LLC v. U.S. Bank, N.A.*, 334 P.3d 408, 419 (Nev. 2014) (en banc). Accordingly, the court further held, a nonjudicial foreclosure of an homeowners' association lien under NRS § 116.3116 would extinguish any first deed of trust, so long as certain statutory notice requirements are followed. *See id.* at 411-17. Before *SFR Invs. Pool*, courts across Nevada had interpreted this portion of the statute inconsistently.

B.  **Due Process**

The Bank argues that the Statute is unconstitutional because it allows for its property interest in the DOT to be taken without adequate notice. The Bank contends that the Statute provides only for "opt-in" notice, rather than mandatory notice, and that

---

[3] Section 116.3116 was amended and reorganized in 2015. *See* 2015 Nev. Stat. 1331, 1334. The statute retains the exceptions described above, but creates a separate subsection (NRS § 116.3116(3)), which states that a homeowners' association lien may take priority over a first deed of trust for "[t]he unpaid amount of assessments . . . which would have become due in the absence of acceleration during the 9 months immediately preceding the date on which the notice of default and election to sell is recorded," in addition to certain charges and costs. NRS § 116.3116(3). To avoid confusion over the recently reorganized subsections, the Court will cite to NRS § 116.3116 generally in discussing the provisions that give a homeowners' association a first priority lien.

3

this arrangement is unconstitutional under the notice requirements necessitated when a state action affects property interest as established in *Mullane v. Central Hannover Bank & Trust Co.*, 339 U.S. 306 (1950), and *Mennonite Bd. Of Missions v. Adams*, 462 U.S. 791 (1983).

The Fourteenth Amendment provides: "No state shall . . . deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. It thus shields citizens from unlawful governmental actions, but does not affect conduct by private entities. The "dispositive question" to a constitutional due process challenge is "whether there was state action." *Apao v. Bank of New York*, 324 F.3d 1091, 1095 (9th Cir. 2003). This threshold question is not satisfied here because the actions authorized under the Statute do not rise to the level of state action.

The Supreme Court has held that foreclosure procedures implicate the Fourteenth Amendment only where there is at least some direct state involvement in the execution of the foreclosure or seizure. *See Fuentes v. Shevin*, 407 U.S. 67, 70–71 (1972) (clerk of court made out writ of replevin authorizing seizure of property by sheriff); *Sniadach v. Family Fin. Corp.*, 395 U.S. 337, 338–39 (1969) (clerk of court issued summons at request of creditor's counsel, setting in motion garnishment of wages).

While it is true that state endorsement or enabling of private action can sometimes constitute state action for due process purposes, "[t]he existence of a state statute authorizing certain private action 'is not the final answer to the touchstone of state action.'" *Culbertson v. Leland*, 528 F.2d 426, 429 (9th Cir. 1975) (quoting *Adams v. Southern California First National Bank*, 492 F.2d 324, 330 (9th Cir. 1973).

In fact, the Ninth Circuit has very clearly addressed whether nonjudicial foreclosures amounted to state action on more than one occasion. In *Charmicor v. Deaner*, 572 F.2d 694 (9th Cir. 1978), a corporation challenged Nevada's nonjudicial foreclosure statute on the theory that it violated the due process clause of the Fourteenth Amendment by failing to provide a pre-sale hearing. The Nevada statute allowing for nonjudicial foreclosures did not simply confirm a contractual or common law right, rather

4

it "confer[ed] a power of sale upon the trustee." *Id.* at 695. Nevertheless, the Ninth Circuit held that "the statutory source of Nevada's power of sale . . . does not necessarily transform a private, nonjudicial foreclosure into state action." *Id.* The court concluded that Nevada's nonjudicial foreclosure statute did not constitute state action and upheld the district court's dismissal of a due process claim.

More recently, in *Apao,* 324 F.3d 1091, the Ninth Circuit revisited and explicitly affirmed its holding in *Charmicor*. The *Apao* court noted that nonjudicial sales do not involve "overt official involvement" and are neither compelled or encouraged by the statute; and while the statute may recognize and even authorize "private self-help remedy," such authorization is not enough to "convert private conduct into state action." *Id.* at 1094-1095 (citing *Flagg Bros., Inc. v. Brooks,* 436 U.S. 149, 164-54 (1978)). The court further noted that any procedural issues with the foreclosures were unrelated to "the threshold [and] dispositive question as to whether there was state action." *Id.* at 1095.

The Statute here similarly lacks any overt official involvement to convert an otherwise private nonjudical foreclosure sale into state action. *See SFR Invs. Pool,* 334 P.3d at 410-12 (describing history and function of the law.) Applying *Charmicor* and *Apao*, the nonjudicial foreclosure scheme governed by the Statute cannot be considered state action for the purposes of a due process challenge. The Bank's due process argument falls short.

### C. Takings

HOA asserts that the Statute passes a takings clause challenge. (Dkt. no. 6 at 18-19.) The Court agrees and adopts its reasoning in case no. 2:15-cv-00112. (*See* dkt. no. 65 in case no. 2:15-cv-00112.)

## IV. CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and

///

determines that they do not warrant discussion as they do not affect the outcome of HOA's Motion.

It is hereby ordered that Defendants' motion to dismiss or in the alternative for summary judgment (dkt. no. 6) is granted to the extent the Bank's claims are grounded on the due process clause and the takings clause, and is denied with respect to the remaining arguments without prejudice.

It is further ordered that Plaintiff Bank of America, N.A.'s countermotion for summary judgment (dkt. no. 10) is denied.

ENTERED THIS 31st day of March 2016.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE