DARREN T. BRENNER, ESQ.
Nevada Bar No. 8386
JESSE RANSOM, ESQ.
Nevada Bar No. 13565
AKERMAN LLP
1160 Town Center Drive, Suite 330
Las Vegas, NV 89144
Telephone: (702) 634-5000
Facsimile: (702) 380-8572
Email: darren.brenner@akerman.com
Email: jesse.ransom@akerman.com

*Attorneys for Plaintiff Bank of America, N.A.*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| BANK OF AMERICA, N.A.,<br><br>Plaintiff,<br><br>vs.<br><br>RAINBOW BEND HOMEOWNERS ASSOCIATION; NIDA MIR, an individual; LAIQ MIR an individual; JUSTIN M. BRANSON an individual; ERICA V. BRANSON an individual; and PHIL FRINK & ASSOCIATES, INC.<br><br>Defendants. | Case No.: 3:15-cv-00291-MMD-WGC<br><br>**STIPULATION AND ORDER TO STAY ALL DISCOVERY PENDING RESOLUTION OF BANA'S MOTION FOR SUMMARY JUDGMENT** |

Pursuant to LR 6-1, Bank of America, N.A. (**BANA**), Rainbow Bend Homeowners Association (**Rainbow**), and Laiq and Nida Mir (the **Mirs**) (collectively referred to as the **parties**) hereby stipulate and agree to stay all remaining discovery and deadlines to file dispositive motions pending adjudication of Plaintiff's pending Motion for Partial Summary Judgement.

**I.     Procedural Background**

On June 2, 2015, BANA filed its original complaint against defendants, seeking, *inter alia*, a declaratory judgment Rainbow's foreclosure sale did not extinguish the deed of trust. [**ECF No. 1**]. On August 12, 2016, the Ninth Circuit issued its decision in *Bourne Valley Court Tr. v. Wells Fargo Bank, N.A.*, 832 F.3d 1154, 1159–60 (9th Cir. 2016), holding NRS 116 to be facially unconstitutional. Bourne Valley filed a petition for writ of certiorari of the Ninth Circuit's decision before the United States Supreme Court on April 3, 2017. *See Bourne Valley Court Tr. v. Wells*

*Fargo Bank, NA.*, United States Supreme Court Case No. 16A753, Docket No. 16-208. On June 26, 2017, the Supreme Court denied the petition for review. *Id.* On January 26, 2017, the Nevada Supreme Court declined to follow Bourne Valley. *Saticoy Bay LLC Series 350 Durango 104 v. Wells Fargo Home Mortg., a Div. of Wells Fargo Bank, N.A.*, 388 P.3d 970, 974 (Nev. 2017). On April 21, 2017, the U. S. District Court, District of Nevada certified a question to the Nevada Supreme Court regarding the construction and interpretation of NRS 116. *SFR Investments Pool 1, LLC v. The Bank of New York Mellong fka The Bank of New York as Trustee, et al.*Case No. 2:16-cv-02561-RFB-PAL, Nevada Supreme Court No. 72931. Specifically, Judge Boulware certified the question of whether NRS 116.31168, as it existed prior to October 1, 2015, required homeowners associations to provide notices of default and/or sale to first deed of trust holders, even if they did not request notice. The certified question is in the briefing stage, with the opening brief and response brief having been filed. The Nevada Supreme Court's determination of this certified question may overrule or otherwise affect *Bourne Valley*.

This court recently held that under *Bourne Valley*, "no conceivable set of circumstances exists under which the provisions [of NRS § 116.3116] would be valid." *See Green Tree Servicing LLC v. Rainbow Bend Homeowners Ass'n*, Case No. 3:15-cv-00297-MMD-WGC, 2017 WL 4712614, *2–3 (D. Nev. Sept. 20, 2017) (actual notice irrelevant because *Bourne Valley* held NRS 116 was facially unconstitutional). The Defendants believe that the finding that actual notice is irrelevant is in error. The Defendants further dispute the force and effect of *Bourne Valley*. However, to the extent that Court continues to hold that actual notice is irrelevant and rule as it has in the past, further discovery by the parties is not needed to resolve this legal question.

On October 3, 2017, BANA filed its motion for partial summary judgment based on *Bourne Valley* pending the outcome of this motion. **[ECF No. 74].** Plaintiff asserts that the motion for partial summary judgment raises a purely legal issue that can be resolved without discovery: the HOA Sale cannot extinguish BANA's interest because the Nevada HOA foreclosure statute is facially unconstitutional, as set forth in *Bourne Valley Court Tr. v. Wells Fargo Bank, N.A.*, 832 F.3d 1154, 1159 (9th Cir. 2016). As set forth above, the Defendants do not necessarily agree that discovery is not

2

43348710;1

required if the Plaintiff disputes receipt of actual notice; however, given the Court's recent stance, discovery may be a wasted effort at this time. At the very least, the Court's decision on the pending Motion for Summary Judgment may provide direction regarding the discovery that may be required, if any.

In the interests of judicial economy, the parties respectfully request all discovery be stayed until the court can resolve plaintiff's pending motion.

## II.  Discovery Status

Discovery closes in this matter on December 7, 2017, and dispositive motions are due on or before January 8, 2018. The parties have served initial disclosures, and BANA and Rainbow have served and responded to written discovery. BANA has disclosed an expert witness report and conducted non-party discovery via subpoenas *duces tecum*. No depositions have been taken at this time. BANA intends to depose a 30(b)(6) representative of Rainbow, a 30(b)(6) representative of the HOA Trustees, Kern & Associates, Ltd., Defendants Laiq and Nida Mir, and the non-party individuals Justin Branson and Erica Branson. All of the depositions will take place in Reno, Nevada.

## III.  The Case Should be Stayed Pending Decision on Dispositive Motions

### A.  *Tradebay* Factors

"In evaluating the propriety of an order staying or limiting discovery while a dispositive motion is pending, the court considers the goal of Rule 1 of the Federal Rules of Civil Procedure, which directs that the Rules shall 'be construed and administered to secure the just, speedy, and inexpensive determination of every action.'" *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 602 (D. Nev. 2011). This principle has guided the District of Nevada to develop a three-part test governing discovery stays. "First, the pending motion must be potentially dispositive of the entire case or at least the issue on which discovery is sought." *Rosenstein v. Clark Cty. Sch. Dist.*, No. 2:13-CV-1443-JCM-VCF, 2014 WL 2835074, at *3 (D. Nev. June 23, 2014) (citing *Tradebay*, 278 F.R.D. at 600). "Second, the court must determine whether the pending motion to dismiss can be decided without additional discovery." *Id.* (citing *Tradebay*, 278 F.R.D. at 600). Finally, "the court must take a 'preliminary peek' at the merits of the pending dispositive motion to assess whether a stay is warranted." *Id.* (quoting *Tradebay*,

3

43348710;1

278 F.R.D. at 603).

First, Justin Branson and Erica Branson's current claim and the Mirs earlier claim to the property depends on a prior state foreclosure statute that was declared facially unconstitutional in *Bourne Valley*. BANA's motion for summary judgment may dispose "of the entire case" by either resolving or mooting each of BANA's claims. Second, BANA's motion for summary judgment on these issues can arguably be decided "without additional discovery," at least based upon the Court's recent stance, with which the Defendants do not agree. *Id.* Finally, a "preliminary peek" at BANA's motion shows that, on its merits, it may fully resolve this matter pending an appeal and/or the Nevada Supreme Court's determination of the pending certified question.

### B. Other Factors

Federal district courts have "wide discretion in controlling discovery." *Little v. City of Seattle*, 863 F.2d 681,685 (9th Cir. 1988). To determine if a stay is appropriate, the court considers (**1**) damage from the stay; (**2**) hardship or inequity that befalls one party more than the other; and (**3**) the orderly course of justice. *See Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007) (setting forth factors). Here, the factors support a stay of discovery pending resolution of the dispositive summary judgment motion.

First, any damage from a partial stay in this case will be minimal if balanced against the potentially unnecessary fees, costs, and time which each party would have to incur in completing discovery, including travel and preparation for the above identified depositions and any related disputes. Moreover, the court will be relieved of expending further time and effort considering any discovery-related motions or protective orders. Thus, a stay will benefit all parties involved as well as the court. There will be no significant hardship or inequity that befalls the non-moving defendants as a result of the stay. Any slight hardship or inequity that may befall a party is outweighed by the benefits of a stay. Lastly, judicial economy and the orderly course of justice support staying further discovery. BANA's motion if granted, will likely result in the resolution of the entire case. Without a stay of discovery, the parties will expend resources that may be unnecessary if the motion is granted. It is therefore appropriate for this court to exercise its power to grant a stay of discovery at this time.

4

43348710;1

A trial date has not yet been set.

WHEREFORE, the parties respectfully request the court issue an order staying discovery and future deadlines pending adjudication of BANA's Motion for Partial Summary Judgment.

Dated this 10th day of November, 2017.

| | |
|---|---|
| **AKERMAN LLP** | **LIPSON NEILSON COLE SELTZER & GARIN, P.C.** |
| /s/ Jesse Ransom, Esq. | /s/ Peter E. Dunkley, Esq. |
| DARREN T. BRENNER, ESQ.<br>Nevada Bar No. 8386<br>JESSE RANSOM, ESQ.<br>Nevada bar No. 13565<br>1160 Town Center Drive, Suite 330<br>Las Vegas, Nevada 89144 | KALEB D. ANDERSON, ESQ.<br>Nevada Bar No.<br>PETER E. DUNKLEY, ESQ.<br>Nevada Bar No.<br>JOSEPH P. GARIN, ESQ.<br>Nevada Bar No.<br>9900 Covington Cross Drive, Suite 120<br>Las Vegas, Nevada 89144 |
| *Attorneys for plaintiff Bank of America, N.A.* | *Attorneys for defendant Rainbow Bend Homeowners Association* |

**ROGER P. CROTEAU & ASSOCIATES, LTD.**

/s/ Timothy Rhoda, Esq.
ROGER P. CROTEAU, ESQ.
Nevada Bar No.
TIMOTHY RHODA, ESQ.
Nevada Bar No.
9120 West Post Road, Suite 100
Las Vegas, NV 89148

*Attorneys for defendants Nida Mir and Laiq Mir*

**ORDER**

**IT IS SO ORDERED.**

_____
UNITED STATES MAGISTRATE JUDGE

DATED: November 13, 2017

5

43348710;1